**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| ANDRES EDUARDO CUNDUMI ESCOBAR (A#241-425-629),<br><br>   *Petitioner*,<br><br>  v.<br><br>JASON BENZEL, Warden, Elizabeth Contract Detention Facility; JOHN TSOUKARIS, Director of Newark Field Office, U.S. Immigration and Customs Enforcement; MARKWAYNE MULLIN, Secretary of the U.S. Department of Homeland Security; TODD BLANCHE, Attorney General of the United States; and TODD LYONS, Director, Immigration and Customs Enforcement, in their official capacities,<br><br>   *Respondents*. | No. 2:26-cv-6456 (MEF)<br><br>**ORDER** |

\*   \*   \*

For purposes of this brief Order, the Court assumes full familiarity with the facts and procedural history of this case.

\*   \*   \*

When the Petitioner[1] first entered the United States in August 2023, he was (i) briefly detained by immigration officials before (ii) being paroled into the United States under 8 U.S.C. § 1182(d)(5), and (iii) enrolled in an Alternatives to Detention ("ATD") program. See Petition for Writ of Habeas Corpus ("Petition") (ECF 1) ¶ 1; see also Respondents' June 3, 2026 Letter, Exhibit 2 ("Exhibit 2") (ECF 7-2) at 2 (noting that the Petitioner "was paroled" on August 28, 2023); Respondents' June

---

[1]  Andres Eduardo Cundumi Escobar.

17, 2026 Letter, Exhibit A ("Exhibit A") (ECF 11-1) (ATD Enrollment dated August 29, 2023).

The Respondents seem to argue that this parole was terminated twice.

First, "by issuance of [a Notice to Appear] in September 2023." See Respondents' June 17, 2026 Letter (ECF 11) at 4.

And again, more recently, in June 2026 --- in connection with the Petitioner's detention following violations of certain terms of his release.  See Respondents' June 17, 2026 Letter at 1 (explaining that "[w]hen [the Petitioner] was paroled, he was enrolled in an [ATD] program"); id. at 4 ("ICE made the decision to re-detain Petitioner based on his multiple failures to comply with the conditions of his ATD program."); Exhibit 2 at 2 (noting that the Petitioner missed ATD check-ins in January 2025, July 2025, and December 2025).

*    *    *

Parole can generally be terminated.  See 8 U.S.C. § 1182(d)(5)(A).

But courts across the country have concluded that some particularized assessment is typically required in connection with the undoing of a non-citizen's previously ordered release on parole.  On due process grounds.[2]  Or based on the INA and relevant regulations.[3]

The Court granted the Respondents an opportunity to come forward with relevant information --- "as to (i) whether any individualized assessment has been made, and (ii) if so, when and by whom the assessment was made."  June 15, 2026 Text Order (ECF 10).  But the Respondents have not done so.  They have simply said that "ICE made the decision to re-detain [the] Petitioner," Respondents' June 17, 2026 Letter at 4, based on certain failures to comply on his part --- without suggesting anything about when this decision was made or by whom.

---

[2]  See, e.g., Rodriguez-Acurio v. Almodovar, 811 F. Supp. 3d 274, 319 (E.D.N.Y. 2025); Rojas v. Almodovar, 2025 WL 3034183, at *8 (S.D.N.Y. Oct. 30, 2025).

[3]  See, e.g., Martinez v. Raycraft, 2026 WL 621359, at *5 (W.D. Mich. Mar. 5, 2026) (collecting cases); see also Qasemi v. Francis, 2025 WL 3654098, at *11 n.6 (S.D.N.Y. Dec. 17, 2025).

2

The Respondents shall file a letter on or before June 26 at 2:00pm that (i) provides the Court with the relevant information, along with an explanation as to how any particularized assessment made comports with Due Process and the provisions of the INA and CFR referenced above, and/or (ii) provides a compelling argument, supported by relevant case law and analysis, that the Court has misunderstood the relevant law or facts at play here.

If no adequate filing is made by the deadline, the Petitioner will be ordered released. Cf. June 5, 2026 Text Order, Nunez-Florez v. Soto, No. 2:26-cv-2752 (D.N.J. June 5, 2026) ("[B]ecause the Respondents have not shown that the Petitioner has been afforded an individualized determination, the Petitioner's detention is in violation of the laws of the United States, and he shall be promptly released from immigration custody.") (ECF 28); June 23, 2026 Text Order, Mboup v. Field Off. Dir. of N.J. I.C.E., No. 2:25-cv-16882 (D.N.J. June 23, 2026) (ECF 46).

*   *   *

IT IS on this 25th day of June, 2026, **SO ORDERED**.

_____
Michael E. Farbiarz, U.S.D.J.

3